# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PINNACLE MINING COMPANY, LLC,**
**Employer Below, Petitioner**

**FILED**

December 6, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-1152**  (BOR Appeal No. 2050588)
(Claim No. 2014003953)

**EDWARD R. ELLIS JR.,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pinnacle Mining Company, LLC, by H. Dill Battle III, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Edward R. Ellis Jr., by Karen S. Hatfield, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2015, in which the Board affirmed the May 29, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 29, 2014, denial of a request to add post-traumatic stress disorder as a compensable claim and in a separate Order denied a referral to WVU Behavioral Medicine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ellis, a miner, was injured on August 3, 2013, when he struck his head on the mine roof while riding in a mantrip. He sustained a severe head injury which caused him to lose consciousness. He was taken from the mine to the hospital by ambulance. As a result of the injury, he was hospitalized until January 26, 2014. When Mr. Ellis was released from the hospital, he remained in Charleston in order to attend extensive daily outpatient physical therapy. He returned home on April 19, 2014. The injury resulted in, among other diagnoses, paraparesis of varying degrees. Mohammed Ranavaya, M.D., diagnosed Mr. Ellis with central cord

1

syndrome, which is an acute cervical spinal cord injury that occurs most commonly in individuals with pre-existing degenerative disease of the cervical spine. In his May 26, 2014, report, Dr. Ranavaya opined that Mr. Ellis had made a tremendous recovery. Mr. Ellis was able to walk with the assistance of a walker, but still required assistance with some activities of daily living.

The compensability of the physical aspect of the injury Mr. Ellis sustained is not at issue. The compensability of the psychological aspect of the injury is. The claims administrator denied a request to add post-traumatic stress disorder as a compensable condition on May 29, 2014. In a separate Order, the claims administrator denied a referral to West Virginia University Behavioral Medicine. Bobby Miller, M.D., evaluated Mr. Ellis on May 6, 2014. He diagnosed pre-existing post-traumatic stress disorder. He noted Mr. Ellis had a long history of treatment for anxiety. Dr. Miller noted treatment records showed Mr. Ellis had been diagnosed with post-traumatic stress disorder due to his survival of the Aracoma mine fire. In Dr. Miller's opinion, the work injury exacerbated the symptoms but did not create a new, original, or unique diagnosis.

Mark N. Casdorph, D.O., evaluated Mr. Ellis on October 30, 2014. He noted Mr. Ellis had been placed on Cymbalta by Charles Hill, PA-C, one year prior to the injury due to anxiety attacks and depression. Dr. Ken Wright, the rehabilitation specialist working with the Mr. Ellis after the accident, had been prescribing Cymbalta, Klonopin, and Trazodone. Mr. Ellis acknowledged that he had been treated by Mr. Hill for anxiety, nervousness, and claustrophobia following a 2006 mine fire. At that time, Mr. Ellis was prescribed Lexapro and Valium. Dr. Casdorph noted Mr. Ellis had never been treated by a psychiatrist.

Dr. Casdorph diagnosed post-traumatic stress disorder. He opined that the condition was a result of the compensable injury because Mr. Ellis had a life threatening injury; experienced recurrent involuntary memories of the event; avoided social situations that trigger fear of enclosure; and had increased irritability. In his opinion, Mr. Ellis was pre-disposed to developing post-traumatic stress disorder symptoms, as he had been treated for some of the symptoms prior to the accident. However, the majority of his treatment was for anxiety. All of his symptoms were stable prior to the injury. Dr. Casdorph believed Mr. Ellis would benefit from psychiatric treatment with pharmacologic intervention and counseling.

In its May 29, 2015, Order, the Office of Judges determined that both Dr. Miller and Dr. Casdorph diagnosed post-traumatic stress disorder. The Office of Judges noted Mr. Ellis's previous diagnosis of post-traumatic stress disorder was in relation to his employment, and therefore the diagnosis of post-traumatic stress disorder should be added to this claim as well. The Office of Judges also found the referral to West Virginia University Behavioral Medicine to be reasonably required for treatment of the post-traumatic stress disorder.

The Board of Review agreed with the findings of facts and conclusions of law of in affirming the Office of Judges in its October 26, 2015, decision. We do not agree with the reasoning of the Office of Judges. However, we do agree with the conclusions of the Office of Judges as affirmed by the Board of Review. The diagnosis of post-traumatic stress disorder

should not be added to this claim merely because Mr. Ellis's previous post-traumatic stress disorder diagnosis was work-related. The diagnosis of post-traumatic stress disorder should be added to this claim because the medical evidence shows Mr. Ellis was diagnosed with post-traumatic stress disorder as result of the August 3, 2013, injury. Drs. Miller and Casdorph agree that Mr. Ellis has post-traumatic stress disorder. They both agree Mr. Ellis was treated for anxiety prior to the accident. The medical evidence does not support a finding that Mr. Ellis was diagnosed with post-traumatic stress disorder prior to the August 3, 2013, injury. The medical records of Mr. Hill document treatment for anxiety. There is no mention of post-traumatic stress disorder. Therefore, the diagnosis of post-traumatic stress disorder is due to the August 3, 2013, injury and should be added as a compensable diagnosis. Treatment for the condition, including a referral to West Virginia University Behavioral Health, should be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 6, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II